ORIGINAL

1  David C. Parisi (No. 162248)
   dcparisi@parisihavens.com
2  Suzanne Havens Beckman (No. 188814)
   shavens@parisihavens.com
3  Azita Moradmand (260271)
   amoradmand@parisihavens.com
4  PARISI & HAVENS LLP
5  15233 Valleyheart Drive
   Sherman Oaks, California 91403
6  Tel: (818) 990-1299
   Fax: (818) 501-7852
7

**FILED**

MAR 1 1 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8

9

10              UNITED STATES DISTRICT COURT

11           NORTHERN DISTRICT OF CALIFORNIA

12  PETER COMSTOCK, individually and on
13  behalf of all others similarly situated,      Case No. **CV 11 — 1218 HRL**

14                    *Plaintiff,*                **CLASS ACTION**

15  v.                                            **COMPLAINT FOR:**                    BY FAX

16  NETFLIX, INC., a Delaware corporation,
17                                                 (1) Violations of the Video Privacy
                      *Defendant.*                     Protection Act, 18 U.S.C. § 2710;
18                                                 (2) Violations of California's Customer
                                                       Records Act, Cal. Civ. Code § 1798.80;
19                                                 (3) Violations of California's Unfair
20                                                     Competition Law, Cal. Bus. & Prof.
                                                       Code § 17200;
21                                                 (4) Unjust Enrichment; and
                                                   (5) Breach of Fiduciary Duty.
22
                                                   **DEMAND FOR JURY TRIAL**
23

24

25

26

27

28

COMPLAINT

1    Plaintiff PETER COMSTOCK, by and through his attorneys, upon personal knowledge

2  as to himself and his own acts, and upon information and belief as to all other matters, complains

3  and alleges as follows:

4                                    **INTRODUCTION**

5    1.    This Class Action Complaint stems from Defendant Netflix, Inc.'s ("Netflix)

6  unlawful retention of Plaintiff's personally identifiable information, including his credit card

7  information, billing address, and video programming history, for more than one (1) year after

8  Plaintiff canceled his Netflix membership.

9    2.    With over 10 million subscribers, Netflix is one of the biggest companies

10  operating in the online movie rental space, offering online video delivery, as well as, an online

11  video rental service of both DVD and Blu-ray Discs delivered through the mail.

12    3.    Netflix keeps comprehensive digital records of every streaming video and every

13  video rental ordered by each of its subscribers.

14    4.    Consequently, Defendant purposefully retains confidential information regarding

15  both payment and video viewing habits for millions of individuals—even after their

16  subscriptions are cancelled.  Such retention violates state and federal laws.

17                          **INTRADISTRICT ASSIGNMENT**

18    5.    Defendant Netflix Inc.'s principle executive offices and headquarters are located

19  in this District at 100 Winchester, Los Gatos, CA 95032. Intra-district assignment to the San Jose

20  Division is proper.

21                                      **PARTIES**

22    6.    Plaintiff is a citizen of Virginia.

23    7.    Defendant Netflix, Inc., is a Delaware corporation headquartered at 100

24  Winchester, Los Gatos, California 95032.  Netflix does business throughout every state of the

25  United States, and in Canada.

26

27

28

COMPLAINT

2

**JURISDICTION AND VENUE**

8.     The Court has jurisdiction under the laws of the United States pursuant to 28 U.S.C. § 1331, and, as to all other claims, pursuant to 28 U.S.C. § 1367.

9.     Netflix maintains its corporate headquarters in this District and the improper conduct occurred in, was directed and/or emanated from California.

10.    A substantial part of the events giving rise to the claims asserted herein occurred in this District.

**FACTUAL BACKGROUND**

11.    Netflix prides itself on being "the world's leading Internet subscription service for enjoying movies and TV shows."

12.    As a part of its subscription service, Netflix tracks its users viewing habits with respect to both videos watched over the Internet ("streaming" videos) and physical movies ordered through the Internet and watched at home ("rental" videos, including both DVD and Blu-Ray Discs).  That tracking includes both information from actual movies watched, and movies placed in a "queue" of selections to be viewed in the future.

13.    Netflix also encourages its subscribers to rank the videos they watch (i.e., assigning a certain number of stars to a particular video, indicative of a user's preference of that particular video), whether online or off.

14.    Netflix combines this tracking information with the user-made rankings to recommend movies to its subscribers.  These recommendations are made automatically using a complicated and highly technical algorithm.

15.    Not surprisingly, the recommendation algorithm relies on the data captured and maintained by Netflix.

16.    Such tracking is hardly surprising, as many customers utilize the Netflix recommendation system to search for new movies and keep track of what they have and have not watched.

COMPLAINT

3

1       17.    However, subscribers do not realize that Netflix maintains this video-viewing

2   information, along with confidential subscriber payment information (including, among other

3   information, a subscriber's name, address, and other billing information) in its databases long

4   after subscribers cancel their Netflix subscription, which they can do at any time.

5       18.    In total, Defendant's practice of retaining confidential subscriber information

6   indefinitely—even after a subscriber cancels his or her subscription—raises a host of privacy

7   issues, particularly with respect to the Video Privacy Protection Act, 18 U.S.C. § 2710.

8                  **FACTS RELATING TO THE NAMED PLAINTIFF**

9       19.    Plaintiff is a former Netflix user who cancelled his account over one year ago.

10                     **CLASS ALLEGATIONS**

11      20.    **Definition of the Class:**  Plaintiff brings this lawsuit pursuant to Fed. R. Civ. P.

12  23(b)(2) and (3) on behalf of herself and a Class of similarly situated individuals, which includes

13  all individuals and entities in the United States that subscribed to Netflix, and cancelled their

14  subscription to Netflix over one year ago.  The following individuals and entities are excluded

15  from the Class: 1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors,

16  and any entity in which Defendant or its parents have a controlling interest and their current and

17  former employees, officers, and directors; 2) the Judge or Magistrate Judge to whom this case is

18  assigned and the Judge's or Magistrate Judge's immediate family; 3) persons who execute and

19  file a timely request for exclusion; and 4) the legal representatives, successors, or assigns of any

20  such excluded person.

21      21.    **Numerosity:**  Although the precise number of Class members is not known at this

22  time, it is clear that individual joinder in this case is impracticable.  The Class is composed of

23  millions of individuals and entities, all of who may be readily identified through Defendant's

24  records.

25      22.    **Commonality:**  Common questions of law and fact pertain to both Plaintiff and

26  the other members of the Class, and those questions predominate over any questions that may

27

28

COMPLAINT

1  affect individual members of the Class. Common questions for the Class include but are not

2  limited to the following:

    a)    Whether Netflix unlawfully retained its former subscribers' personally
            identifiable information and video programming viewing histories;

    b)    Whether Netflix benefits from that unlawful data retention;

    c)    Whether Netflix's conduct violates the Video Privacy Protection Act, 18
            U.S.C. §§ 2710, *et seq.*;

    d)    Whether Netflix's conduct violates the California Records Act, Cal. Civ.
            Code § 1798.80;

    e)    Whether Netflix's conduct violates California's Unfair Competition law,
            Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

    f)    Whether Netflix has been unjustly enriched; and,

    g)    Whether Netflix breached its fiduciary duties owed to Plaintiff and the
            Class.

15      23.    **Typicality:** The factual and legal bases of Netflix's liability to Plaintiff and to the

16  other members of the Class are the same and resulted in injury to Plaintiff and all of the other

17  members of the Class. Plaintiff and the other members of the Class have all suffered harm as a

18  result of Netflix's wrongful conduct.

19      24.    **Adequate Representation:** Plaintiff will fairly and adequately represent and

20  protect the interests of the Class members, and has retained counsel competent and experienced

21  in complex class actions. Plaintiff has no interest antagonistic to those of the Class and

22  Defendant has no defenses unique to Plaintiff.

23      25.    **Predominance and Superiority:** This class action is appropriate for certification

24  because class proceedings are superior to all other available methods for the fair and efficient

25  adjudication of this controversy, since joinder of all members is impracticable. The damages

26  suffered by the individual members of the Class will likely be relatively small, especially given

27

28

COMPLAINT

1   the burden and expense of individual prosecution of the complex litigation necessitated by

2   Defendant's actions.  It would be virtually impossible for the individual members of the Class to

3   obtain effective relief from Defendant's misconduct.  Even if members of the Class themselves

4   could sustain such individual litigation, it would still not be preferable to a class action, because

5   individual litigation would increase the delay and expense to all parties due to the complex legal

6   and factual controversies presented in this Complaint.  By contrast, a class action presents far

7   fewer management difficulties and provides the benefits of single adjudication, economy of

8   scale, and comprehensive supervision by a single court.  Economies of time, effort, and expense

9   will be fostered and uniformity of decisions will be ensured.

10        26.    **Policies Generally Applicable to the Class:** This class action is also appropriate

11   for certification because Defendant has acted or refused to act on grounds generally applicable to

12   the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief

13   with respect to the Class as a whole.  Defendant's policies challenged herein apply to and affect

14   all members of the Class uniformly, and Plaintiff's challenge of these policies hinges on

15   Defendant's conduct, not on facts or law applicable only to Plaintiff.

16                    <u>**COUNT I: Violations of the Video Privacy Protection Act**</u>
                               **18 U.S.C. §§ 2710, *et seq.***
17                          **(On Behalf of Plaintiff and the Class)**

18        27.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

19        28.    Netflix is a "video tape service provider" as defined by the Video Privacy

20   Protection Act ("VPPA"), because it "engage[s] in the business, in or affecting interstate or

21   foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio

22   visual materials." 18 U.S.C. § 2710(a)(4).

23        29.    Under the VPPA, "video tape service provider[s]" must "destroy personally

24   identifiable information as soon as practicable, but no later than one year from the date the

25   information is no longer necessary for the purpose for which it was collected."  18 U.S.C. §

26   2710(e).

27

28

COMPLAINT

6

30. By failing to destroy former subscribers' personally identifiable information as soon as practicable from the date the information was no longer necessary for the purpose for which it was collected, Netflix violated 18 U.S.C. § 2710(e).

31. Consequently, and in violation of § 2710, Plaintiff and the Class have suffered injuries. Plaintiff, on his own behalf and on behalf of the Class, seeks an order enjoining Defendant's conduct described above and awarding herself and the Class the maximum statutory and punitive damages available under 18 U.S.C. § 2710(c).

**COUNT II: Violations of California's Customer Records Act**
**Cal. Civ. Code § 1798.80**
**(On Behalf of Plaintiff and the Class)**

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. The California Customer Records Act requires that businesses take all reasonable steps to destroy or arrange to destroy a customer's records within its custody or control that contain personal information that is no longer to be retained by the business. Cal. Civ. Code § 1798.81.

34. Businesses have wide discretion in the manner of destruction – they may destroy records by erasure or modification such that records are unreadable or undecipherable. Cal. Civ. Code § 1798.81(b)-(c).

35. Because Netflix failed to erase or adequately modify its former customers' records, it has violated Cal. Civ. Code § 1798.81.

36. Accordingly, and pursuant to Cal. Civ. Code § 1798.84, Plaintiff and the Class seek damages, including statutory damages of $3,000 per violation, and injunctive relief. Plaintiff and the Class also seek attorneys' fees pursuant to Cal. Code Civ. Proc. § 1021.5, as well as such other and further relief as the Court deems just and proper.

**COUNT III: Violation of California's Unfair Competition Law**
**Cal. Bus. & Prof. Code §§ 17200, *et seq.***
**(On Behalf of Plaintiff and the Class)**

37. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

COMPLAINT

7

38.     California's Unfair Competition Law, Cal. Bus. & Prof. Code
§§ 17200, *et seq.* ("UCL"), promotes fair competition in commercial markets for goods and
services.

39.     The UCL prohibits unlawful, unfair or fraudulent business acts or practices.

40.     Netflix violated the fraudulent prong of the UCL by failing to inform its
subscribers, including Plaintiff and the Class, that it would retain their personally identifiable
information and video programming viewing histories indefinitely.

41.     Netflix violated the unfair prong of the UCL by profiting from its sale of
Plaintiff's and the Class's information to third-parties.

42.     Netflix violated the unlawful prong of the UCL by committing violations of the
Video Privacy Protection Act, 18 U.S.C. §§ 2710, *et seq.*, and the California Customer Records
Act, Cal. Civ. Code § 1798.80.

43.     Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order of this Court
permanently enjoining Netflix from continuing to engage in the fraudulent, unfair and unlawful
conduct described herein.  Plaintiff seeks an order requiring Defendant to (1) immediately cease
the unlawful practices stated in this Complaint, and (2) pay attorneys' fees pursuant to Cal. Code
Civ. Proc. § 1021.5.

### COUNT IV: Unjust Enrichment
### (On Behalf of Plaintiff and the Class)

44.     Plaintiff incorporates the foregoing paragraphs 1-42 as if fully set forth herein.

45.     Netflix uses and sells to third parties data given to it by Plaintiff and members of
the Class.  The monies Defendant receives from such use and sales stems from the unlawful
and/or wrongful conduct alleged herein.

46.     Netflix directly acknowledges that it uses and benefits from the data it retains.

47.     Defendant should not be permitted to retain the monies obtained by selling
information about Plaintiff and members of the Class, monies that Defendant has unjustly
received as a result of its unlawful actions.

COMPLAINT

8

48.     Accordingly, Plaintiff and the Class seek full disgorgement and restitution of any amounts Netflix has retained as a result of the unlawful and/or wrongful conduct alleged herein.

### COUNT V: Breach of Fiduciary Duty
**(On Behalf of Plaintiff and the Class)**

49.     Plaintiff incorporates the foregoing paragraphs 1-42 as if fully set forth herein.

50.     As a result of its subscription relationship with Plaintiff and the Class, Netflix owed Plaintiff and the Class a fiduciary duty to store data received in compliance with all applicable laws and to only use the data for proper and lawful purposes.

51.     Defendant breached its fiduciary duty to Plaintiff and the Class members by failing to properly store and promptly destroy their data after they cancelled their services in compliance with the Video Privacy Protection Act and the California Records Act.

52.     Defendant should not be permitted to retain the monies it obtained by selling information about Plaintiff and members of the Class to third parties, which Defendant has received as a result of breaching its fiduciary duties.

53.     Accordingly, Plaintiff and the Class seek full disgorgement and restitution of any amounts Netflix has retained as a result of the unlawful and/or wrongful conduct alleged herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Peter Comstock, individually and on behalf of the Class, prays for the following relief:

A.      Certify this case as a class action on behalf of the Class defined above, appoint Plaintiff as Class Representative, and appoint his counsel as Class Counsel;

B.      Declare that Netflix's conduct, as described herein, violates the Video Privacy Protection Act, 18 U.S.C. §§ 2710, *et seq.*, the California Customer Records Act, Cal. Civ. Code § 1798.80, and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

C.      Award injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including both an order prohibiting Netflix from engaging in the wrongful and unlawful acts described herein and requiring Netflix to destroy its former

COMPLAINT

9

1 subscribers' personally identifiable information and video program viewing histories—except as

2 strictly necessary for contact information;

3     D.     Award damages, including statutory damages of $2,500 per violation under the

4 Video Privacy Protection Act, 18 U.S.C. § 2710(c); $3,000 per violation under the California

5 Consumer Records Act, Cal. Civ. Code § 1798.84(c); and, punitive damages where applicable, to

6 Plaintiff and the Class in an amount to be determined at trial;

7     E.     Award Plaintiff and the Class their reasonable litigation expenses and attorneys'

8 fees;

9     F.     Award Plaintiff and the Class pre- and post-judgment interest, to the extent

10 allowable; and

11     G.     Award such other and further relief as equity and justice may require.

12                              **JURY TRIAL**

13     Plaintiff demands a trial by jury for all issues so triable.

14

15 Dated: March 11, 2011

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

By_____
     David C. Parisi
Attorneys for Plaintiff Peter Comstock and
the putative class

COMPLAINT